# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELVIS MANUEL GRULLON | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-10-707 |
| IRA SHOCKLEY, *et al*. | * | |
| Respondents | * | |

***

## MEMORANDUM

Pending is the response to show cause filed May 12, 2010. Paper No. 9. Petitioner filed a reply and the matter is ripe for this court's review. Paper No. 10. Upon review of the papers filed, the court finds a hearing in this matter unnecessary.

Petitioner is a citizen of the Dominican Republic facing removal proceedings in the Baltimore Immigration Court. He was admitted to the United States as a legal permanent resident on September 18, 1977. On January 20, 2010, a notice to appear was issued charging that Petitioner was removable because of two criminal convictions.[1]

Respondent[2] determined that petitioner's criminal convictions meant that he was subject to the mandatory detention provision found in 8 U.S.C. §1226(c) and refused to set bond. On review, a Baltimore Immigration judge also determined petitioner was ineligible for bond. Petitioner filed an appeal with the Board of Immigration Appeals, which is still pending.

Petitioner states he should not be expected to exhaust administrative remedies vis-à-vis the appeal because it is futile. He further claims the Board of Immigration Appeals has made

---

[1] While in Florida, petitioner was convicted in 1991 of aggravated battery for which he received a sentence of 364 days. In 1993 he was convicted of burglary and received a sentence of 90 days. Paper No. 1 at Ex. A.

[2] The only proper respondent named in the petition for writ of habeas corpus is Ira Shockley, Warden of the Worcester County Jail. *See Rumsfeld v. Padilla*, 524 U.S. 426, 435 (2004) (only proper respondent in habeas corpus proceeding is the custodian of detainee seeking relief). Respondents McCormick, Maugans, and Napolitano shall be dismissed from the case.

clear its intent to follow the interpretation of 8 U.S.C. §1226(c) announced in *Matter of Saysana*, 24 I & N Dec. 602 (B.I.A. 2008) (sanctioning mandatory detention of aliens released from custody for a deportable offense prior to the enactment of the statute). Petitioner is detained in the Worcester County Detention Center and is scheduled for a hearing in the Immigration Court on June 3, 2010.

Respondent alternately asserts that (1) petitioner is subject to mandatory detention because *Matter of Saysana* is binding precedent on this court inasmuch as the Fourth Circuit Court of Appeals has not yet ruled on the matter; and (2) if petitioner is not subject to mandatory detention, he is subject to the discretionary custody authority under INA §236(a), with discretionary custody review by DHS and availability of a bond re-determination hearing if needed. Paper No. 9.

In light of the procedural posture of the case and the pending hearing date, the merits of the claims asserted will not be reached at this time. Upon completion of the June 3, 2010 hearing, the parties shall be directed to file status reports regarding the results of the hearing and the need, if any, for this court's further involvement in the matter. A separate order follows.

May 25, 2010  _____/s/_____
Date  Catherine C. Blake
United States District Judge