# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELVIS MANUEL GRULLON | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-10-707 |
| IRA SHOCKLEY | * | |
| Respondent | * | |

***

## **MEMORANDUM**

Pending are court-ordered status reports filed by petitioner and respondent. Papers No. 13 – 16. The matter is now ripe for this court's review.

Petitioner is a citizen of the Dominican Republic facing removal proceedings in the Baltimore Immigration Court. He was admitted to the United States as a legal permanent resident on September 18, 1977. On January 20, 2010, a notice to appear was issued charging that petitioner was removable because of two criminal convictions, a 1991 aggravated battery and a 1993 burglary from the State of Florida.

Respondent determined that petitioner's criminal convictions meant that he was subject to the mandatory detention provision found in 8 U.S.C. §1226(c). Bond was refused. On review, a Baltimore Immigration judge also determined petitioner was ineligible for bond. Petitioner was determined to be subject to mandatory detention based on the Board of Immigration Appeals ("BIA") interpretation of 8 U.S.C. §1226(c) as set forth in *Matter of Saysana*, 24 I & N Dec. 602 (B.I.A. 2008) (sanctioning mandatory detention of aliens released from custody for a deportable offense prior to the enactment of the statute). On June 23, 2010, the BIA overruled the decision in *Saysana*, in effect changing its position regarding whether persons in the same position as petitioner are subject to mandatory detention. Paper No. 16 at

attachment 1; *Matter of Garcia-Arreola*, 25 I&N Dec. 267, Ind. Dec. 3685 (BIA 2010). Respondent states the position initially taken in its answer, that petitioner was subject to mandatory detention, has now changed as a result of the BIA's reversal. Paper No. 16 at p. 2. Respondent also states the discretionary review procedure applicable to petitioner will be expeditiously arranged and suggests the instant petition is now moot.

The petition for writ of habeas corpus seeks as relief, *inter alia*, immediate release of petitioner from custody or an order directing respondents to set a reasonable bond. Paper No. 1. Although respondent's cooperation in expeditiously arranging for petitioner's bond review appears to resolve the dispute regarding the applicable legal standard, petitioner has not been released and a bond has not been set. Accordingly, this case will remain open pending the final resolution of the matters concerned. The parties will be required to further inform this court of the progress of the case.

A separate order follows.


 July 6, 2010                                              _____/s/_____
Date                                                       Catherine C. Blake
                                                           United States District Judge