# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELVIS MANUEL GRULLON | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-10-707 |
| IRA SHOCKLEY, *et al*. | * | |
| Respondents | * | |

***

## MEMORANDUM

Respondents have filed a status report and correspondence regarding the current procedural posture of the above-captioned case. Papers No. 19 and 20. Petitioner was brought before an Immigration Judge on July 28, 2010, and a hearing for bond determination was held. The judge concluded that petitioner is ineligible for bond release as his 20 year criminal history makes him "a threat to the community if released from detention." Paper No. 20. Petitioner reserved appeal, which is due August 27, 2010. *Id*.

Respondents state the matter before the court is now moot given the above disposition. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477). The controversy concerning

petitioner's continued confinement remains intact. The determination of that controversy, however, is not properly before this court, given the pending administrative appeal and the provisions of 8 U.S.C. §1226(e) prohibiting judicial review of the Attorney General's discretionary judgment regarding bond issues. *See also* 8 U.S.C. §1252 (reserving appellate review of removal matters to the applicable Circuit Court of Appeals). Accordingly, the petition shall be dismissed without prejudice to petitioner's administrative appellate rights. A separate order follows.

　

 August 25, 2010　　　　　　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge